**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-1529

**MARGARET FLANAGAN AND ROBERT FLANAGAN**

Plaintiffs,

vs.

**STATE FARM FIRE AND CASUALTY COMPANY**

Defendant.

_____

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
_____

TO:    PLAINTIFFS AND THEIR ATTORNEY OF RECORD
Jon M. Topolewski, #52318
Matthew W. Hamblin, #49572
Robinson & Henry, PC
216 16th Street, Suite 750
Denver, CO 80202
Phone Number: 303-688-0944
Email: jon@robinsonandhenry.com
matthew.hamblin@robinsonandhenry.com

TO:    JUDGE IAN J KELLOGG, DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO
1437 Bannock ST., Division 414.
Denver, CO 80202

PLEASE TAKE NOTICE that the Defendant herein, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Karen H. Wheeler, Jami A. Maul, and Mackenzie A. Larrenaga of Wheeler Law, Professional Corporation, hereby files this Notice of Removal to the United States District Court for the District of Colorado of the action brought by Margaret Flanagan and Robert Flanagan, against State Farm in Denver County District Court, Colorado case number 2026CV030358, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As

1

grounds therefor, Defendant states as follows:

1.      On March 24, 2025, Defendant accepted service of Plainitffs' First Amended Complaint in case number 2026CV030358, in the District Court of Denver County, State of Colorado, filed by Margaret Flanagan and Robert Flanagan on or about March 23, 2026. *See* **Exhibit A**, Civil Case Cover Sheet; **Exhibit B**, First Amended Complaint; **Exhibit C**, Summons; **Exhibit** D, Waiver of Service.[1]

2.      This lawsuit arises from Plaintiffs' claim that they are entitled to insurance benefits related to property damage that allegedly occurred on or about January 30, 2023. **Exhibit B**, ¶ 18.

3.      Thirty days have not yet expired since March 24, 2026, the date the Complaint was received by the Defendant. Defendant's Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1441, *et seq*.

4.      Any civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      This action is removable because the United States District Court for the District of Colorado has original diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

6.      As discussed below, the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

---

[1] Plaintiffs initially filed this suit against and attempted to execute service upon State Farm Insurance Companies, which according to the Colorado Secretary of State is a trade name for an insurance agency that is an entity separate from State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company. Plaintiffs then filed their First Amended Complaint naming State Farm Fire and Casualty Company. **Exhibit B**, First Amended Complaint.

7.      "For purposes of diversity jurisdiction under 28 U.SC. § 1332(a)(1), state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

8.      State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. **Exhibit E**, Periodic Report; **Exhibit F**, Certificate of Good Standing.

9.      A corporation is "deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has a principal state of business[.]" 28 U.S.C. § 1332(c)(1).[2]

10.     Upon information and belief, Plaintiffs are citizens of Colorado. According to the Complaint, Plaintiffs are citizens and domiciles of the state of Colorado. *See* **Exhibit B**, ¶ 1. Plaintiffs.  At the time of the alleged fire damage, Plaintiffs had a Colorado insurance policy.  This lawsuit involves a claim related to alleged damage at Plaintiff's home, located at 540 Dawson Road, Pine, Colorado, which they allege is their primary residence.  *See* **Exhibit B**, ¶¶ 12-13.

11.     Defendant is not aware of any information to indicate that Plaintiffs are citizens of or domiciled in the state of Illinois.

12.     Because Plaintiffs are citizens of Colorado and Defendant is a citizen of Illinois, the parties are citizens of different states pursuant to 28 U.S.C. § 1332(c)(1).

13.     "[D]ocuments that demonstrate plaintiff's own estimation of its claims are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). An indication on a civil cover sheet that the amount in controversy exceeds $100,000 is

---

[2] Plaintiffs' action is not a direct action within the meaning of 28 U.S.C. § 1332(c)(1). *See*, *e.g.*, *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) (citation omitted).

sufficient to meet the jurisdictional threshold for removal. *Paros Properties, LLC v. Colorado Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

14.     The amount in controversy exceeds $75,000, exclusive of interest and costs, as reflected by Plaintiff's Civil Cover Sheet. **Exhibit A**.

15.     Accordingly, Plaintiffs are clearly estimating the value of their claim to be in excess of the jurisdictional threshold of $75,000.

16.     Because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, the district court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

17.     This action is pending in Denver County District Court, State of Colorado, which is embraced by the United States District Court for the District of Colorado. *See* **Exhibits A-D**; *see also* Fed. R. Evid. 201(b)(1)-(2).

18.     Accordingly, this action is removable from Denver County District Court to this Court pursuant to 28 U.S.C. § 1441(a).

19.     Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant hereby gives notice of removal of the action pending against it in Denver County District Court, Colorado, case number 2026CV030358, to the United States District Court for the District of Colorado.

20.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served in this action are attached to this Notice of Removal as **Exhibits A-D, G-L**, and include:

      A.     Civil Case Cover Sheet (**Exhibit A**);

      B.     First Amended Complaint and Jury Demand (**Exhibit B**);

      C.     Summons (**Exhibit C**);

      D.     Waiver of Service (**Exhibit D**);

E.       Delay Reduction Order (**Exhbit G**);

F.       Pretrial Order (**Exhibit H**);

G.       Webex Procedures (**Exhibit I**);

H.       Original Complaint and Jury Demand (**Exhibit J**);

I.       Return of Service – State Farm Insurance Companies (Exhibit K);

J.       Notice of Filing Plaintiff's First Amended Complaint (Exhibit L).


WHEREFORE, Defendant respectfully requests by this Notice, that case number 2026CV030358, pending in the District Court of Denver County, State of Colorado, be removed to the United States District Court for the District of Colorado.

DATED April 10, 2026


Respectfully submitted,

s/ *Mackenzie A. Larrenaga*
Mackenzie A. Larrenaga
Wheeler Law, P.C.
5690 DTC Boulevard, Suite 240E
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Kenzie@wheeler5280.com
Office@wheeler5280.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-1529

**MARGARET FLANAGAN AND ROBERT FLANAGAN**

Plaintiffs,

vs.

**STATE FARM FIRE AND CASUALTY COMPANY**

Defendant.

---

### CERTIFICATE OF SERVICE

---

I hereby certify that on April 10, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** with the Clerk of Court for filing and uploading to the CM/ECF system and served by e-mail to the following:

Jon M. Topolewski, #52318
Matthew W. Hamblin, #49572
Robinson & Henry, PC
216 16th Street, Suite 750
Denver, CO 80202
Phone: (303) 688-0944
Email: jon@robinsonandhenry.com
matthew.hamblin@robinsonandhenry.com

*Attorneys for Plaintiff*

s/ *Mackenzie A. Larrenaga*
Mackenzie A. Larrenaga

6